Connie Wash, Wayne Skelton, Janet Merring, Patricia McConnell, Ann Bock, Helen Liptok, Mary Kelchow, Appellants *v.* Western Wayne School District and Arthur Rigby, Andrew Barna, Joseph Davitt, Reva Lamberton, Ronald Barillo. Robert Tyler, Michael Yedinak, Individually, Appellees.

Argued September 26, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*Peter J. O'Brien*, with him *W. Brian Golden*, and *O'Brien & Miller*, for appellants.

*Lee C. Krause*, with him *Howell, Howell & Krause*, for appellees.

Opinion by Judge MacPhail, November 28, 1978:

Appellants (Plaintiffs below), who are employees of Western Wayne School District sued the Appellees (Defendants below) in assumpsit to enforce an arbi-

trator's award made in Appellants' favor.[1]  The Appellees filed preliminary objections in the nature of a demurrer.  The Honorable JAMES RUTHERFORD sustained the demurrer and dismissed the complaint.  The instant appeal is from that order.  We affirm.

Section 1201(a)(8) of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1201, provides that the failure to comply with the provisions of an arbitrator's award deemed binding under Section 903 of the Act, 43 P.S. §1101.903, is an unfair labor practice.[2]  Section 1301 of the Act, 43 P.S. §1101.1301, gives the Pennsylvania Labor Relations Board *exclusive* jurisdiction with respect to unfair labor practices. *Retail Clerks Union v. Commonwealth of Pennsylvania*, 24 Pa. Commonwealth Ct. 450, 357 A.2d 244 (1976).  It is clear to us, therefore, that the enforcement of the arbitrator's award in the instant case lies with the Pennsylvania Labor Relations Board and not with the Court of Common Pleas.

Appellants contend that this Court has jurisdiction in this matter by virtue of Pa. R.J.A. No. 2101. Initially, we note that Pa. R.J.A. No. 2101 was rescinded and replaced by Pa. R.A.P. 703, effective July 1, 1976.  In any event, neither applies to the instant case because they relate solely to the review of an *award* by arbitrators.  Here we are concerned with the *enforcement* of an award, an entirely different matter.  For the same reason, Appellants' reliance upon *Community College of Beaver County v. Community College Faculty*, 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975), is also misplaced.

---

[1] This Court had previously denied Defendant's petition for review of the award by order entered June 25, 1976, to 174 Misc. Docket.

[2] The initial award here was made pursuant to Section 903.

Finally, Appellants argue that, for reasons of public policy, we should enforce the arbitrator's award because the Appellees have been unduly delaying the enforcement of that award. While public policy considerations should never be ignored, neither can they compel a result which is contrary to a legislative mandate.

ORDER

AND Now, this 28th day of November, 1978, the order of the Court of Common Pleas of the Twenty-Second Judicial District, Wayne County Branch, entered May 19, 1977, is affirmed.