## Allegheny County Prison Employees' Independent Union v. Allegheny County

*Samuel J. Pasquarelli*, for plaintiffs.
*Alexander J. Jaffers* and *Henry W. Ewalt*, for defendants.

O'KICKI, *J.*, June 22, 1979—The issue in this case is whether an arbitration award pursuant to section 805 of the Act of July 23, 1970, P.L. 563, 43 P.S. §1101.805 (Act 195), is mandatorily binding or is advisory to the employer County. There are no appellate cases on this point.

If the award is mandatory, then this action in mandamus may be the proper method to enforce that award; if the award is advisory and requires

legislative implementation, then the award involves the exercise of discretion by the County and the action in mandamus must be dismissed.

## STATEMENT OF FACTS

There had been a prior negotiated contract between Allegheny County (County) and the Allegheny County Prison Employees Independent Union (Union) which covered the period from August 2, 1973, to April 30, 1976. The Union made timely requests to modify the collective bargaining agreement. The Union and the County bargained to an impasse despite the efforts at conciliation by the Pennsylvania Bureau of Mediation. The impasse was submitted to a properly selected board of arbitration. After hearings on April 21 and 22, 1976, the arbitrators issued a written award. Salaries for individuals were increased $1,000 per year; changes were made in vacation and sick time; and the method for grievance arbitration was amended. The County has refused to implement the award; it unilaterally increased the salaries by $650 a year, the same amount as that given to all other county employes.

• • •

It is the position of plaintiffs that the findings of the board of arbitration pursuant to Act 195 are not legislative acts, but are the guidelines which the executive branch of government must follow. An oversimplification of the issue is that if the pay raise, etc., in this dispute is interpreted under Act 195 and the other decisions of this Commonwealth as being executive in nature, then the arbitration award prevails and the court should grant the mandamus prayed for by plaintiffs; however, if the

pay raise as found by the arbitration panel is legislative in character, then such an award is advisory and the request for mandamus should be denied. Underlying this basic issue is the philosophical trend which has been chartered by judicial decisions in the field of collective bargaining by and between municipal governments and its employes. In Tate v. Antosh, 3 Pa. Commonwealth Ct. 144, 281 A. 2d 192 (1971), that appellate court had before it the problem of the City of Philadelphia honoring its obligations pursuant to a collective bargaining agreement. In its discussion of that issue, the Commonwealth Court held that one of the purposes of legislative intervention in the municipal employer-municipal employe relationship was to protect employes from the arbitrary acts of their employers and to promote peaceful labor relations. The court said:

"[T]he government itself is not the only representative of the public interest but that equal modicums of public interest and benefit may be discovered in both duties and responsibilities of the public employer and the public employees as a group. Certainly the public interest is best served by having a viable and active force of public service employees protected against unilateral disregard for their rights by the public employer." p. 160.

The Tate decision, supra, dealt with an interpretation of the rights of the respective parties pursuant to a pre-existing contract. In the instant case, we are confronted with an interpretation of Act 195, specifically section 805, which provides for arbitration when an impasse takes place between public employers and public employes: 43 P.S. §1101.805. This section provides as follows:

"Notwithstanding any other provisions of this act where representatives of units of guards at prisons or mental hospitals or units of employes directly involved with and necessary to the functioning of the courts of this Commonwealth have reached an impasse in collective bargaining and mediation as required in section 801 of this article has not resolved the dispute, the impasse shall be submitted to a panel of arbitrators whose decision shall be final and binding upon both parties with the proviso that the decisions of the arbitrators which would require legislative enactment to be effective shall be considered advisory only."

It appears evident that when an award can be implemented without legislative act on the part of the public employer that such an award is mandatory and binding; however, if legislative acts are required to implement the award then such an award is merely advisory.

The Pennsylvania Supreme Court in Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164, 51 Atl. 762 (1902), sets forth one of the earliest teachings in discerning which acts of a borough council are of a legislative character and which acts are ministerial and executive.

Another general definition of a legislative act can be found in Black's Law Dictionary, citing Stevens ex rel. Kuberski v. Haussermann, 113 N.J. 162, 172 Atl. 738 (1934). Such definition is that a legislative act is one that prescribes a general rule of conduct. To translate further, it would appear that a legislative act sets forth the social policy or social philosophy of society with regard to that particular course of conduct.

This court takes judicial notice of the fact that plaintiffs occupy a unique position in the criminal

justice system. They are the counselors, safekeepers, psychiatrists, victims of distemper and verbal abuse, protectors of the prisoners from each other, and overall the protectors of the public by their faithful performance of their duties. Without question, their service is vital in the promotion and retention of order in a civilized society. Orders from appellate courts of Pennsylvania, from the Federal trial courts, from the executive department, otherwise known as the bureau of corrections, and the other agencies of the state government have rendered the position of prison employe more exacting, more difficult to perform, and more frustrating to the occupier of that position. The difficulties inherent in the position occupied by any one of plaintiffs had been detected by our state legislature and such employes were placed within the purview and coverage of Act 195. They were given the right to air their grievances, whether as to working conditions or as to wages, by collectively bargaining with their municipal employer albeit prison board, county commissioners, etc. Although the scholars who advocate changes to the Pennsylvania Constitution have not yet awakened to the fact that the plaintiffs, for all practical purposes in our society, act as special policemen in charge of those who have been found guilty of violating society's standards and for whom expatriation from society is the prescribed remedy. The function of a prison guard is, in fact, the function of a policeman with highly specialized duties.

The social policy having been established by Act 195 that plaintiffs are entitled to collectively bargain, can such policy be countermanded by a legal distinction as to whether or not wages are an executive or legislative function of the municipal employer? We believe not.

The overriding effects of the legislative act, i.e., Act 195, render the duties of the defendants to be merely ministerial and executive in function. The manner and method of dealing with the problems of the municipal employers and the municipal employes are mandated by the provisions of Act 195. To permit Act 195, particularly section 805, to be negated by any of the defendants is to give such a minor body a superceding or vetoing effect upon uniform state social policy.

Defendant asserts Erie Firefighters Local No. 293 v. Gardner, 406 Pa. 395, 178 A. 2d 691 (1962), as prohibiting compulsory and binding arbitration between prison guards and the County. That decision was based on article III, sec. 31 of the Pennsylvania Constitution. This constitutional provision was amended in 1967 after the Pennsylvania Supreme Court's decision in Erie, supra. Policy reasons compelled the amendment and later legislative pronouncements. Goals of labor peace, protection of employes and protection of the public were established in 1968. Binding arbitration was established to achieve these goals: Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. In exchange, the legislature removed any right to strike: Act of June 30, 1947, P.L. 1161, 43 P.S. §213.4.

Similarly, Act 195, 43 P.S. §1101.1001, takes the right to strike away from the prison guard representation unit. The nature of work in such a unit is as a highly specialized policeman. Acting in equity, the court can see the similarity of the situations, i.e., policemen and prison guards. The voters of Pennsylvania have already reflected their feelings on this issue when they amended article III, sec. 31 in 1967 to provide compulsory arbitration for policemen. The intention and sense of the amendment would compel a finding today that the prison

guard representation unit, as a part of the criminal justice system, is included within the term policeman found in article III, sec. 31 of the Pennsylvania Constitution. Any other interpretation would result in a repudiation of the purpose of justice expressed in Act 195, 43 P.S. §1101.101, and the amendment to article III, sec. 31 of the Pennsylvania Constitution and result in an emasculation of employe rights of a prison guard.

This interpretation is consistent with decisions of the United States Supreme Court in the cases known as the Steelworkers Trilogy: United Steelworkers v. American Manufacturing Co., 363 U.S. 564 (1960); Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); and Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960), where that court held that when an employe gives up his right to strike, compulsory arbitration is implied as a matter of simple justice.

Involved in this legal interpretive dispute is the character and nature of an award by arbitrators. The issue before this court is whether the award is mandatorily binding or merely advisory to the employer-County. Secondarily and incidentally, we are dealing with the enforcement of that award. In addition to dealing with the character of the award, neither party has raised any question of jurisdiction over the subject matter contained in this dispute. Furthermore, jurisdiction of this court attached in 1976 when the complaint was filed and the preliminary motions were made. We, therefore, find that the case of Wash v. Western Wayne School District, 38 Pa. Commonwealth Ct. 600, 395 A. 2d 597 (1978), is not applicable in the determination of this issue.

Mandamus is an extraordinary form of relief and it has been often said that it will only lie to enforce a

purely ministerial duty on the part of the defendant: Getz v. Lehighton Borough, 407 Pa. 357, 180 A. 2d 230 (1962); D.N. Corp. v. Roudabush, 309 Pa. 393, 164 Atl. 60 (1932); and Tate v. Antosh, supra. Having found that the arbitration award is mandatory and binding, the respective defendants can only act in their executive capacity or ministerial capacity, and not in their legislative capacity, to comply with the award.

Another issue raised by defendants is whether the County is now entitled to re-argue points of law which have been previously decided by a court en banc in the disposition of preliminary objections (see Order of December 16, 1976). Following the holding of Newkirk v. Philadelphia School District, 437 Pa. 114, 261 A. 2d 305 (1970), we believe that the adjudication is not binding upon the trial court and that all legal issues remain open: Newkirk, pp. 116, 117. Furthermore, in view of the fact that our holding on the legal issue is exactly identical with the holding of the dispositive court when dealing with preliminary objections, we see no reason to further analyze this point.

In accordance with the above findings and legal conclusions, we shall enter an order granting relief to plaintiffs.

## ORDER

Now June 22, 1979, the County of Allegheny is hereby ordered to abide by the arbitrators' award of May 5, 1976, encompassing changes in the collective bargaining agreement between the County of Allegheny and the Allegheny County Prison Employees Independent Union. The County is further ordered to pay all employes covered under the agreement the difference between compensation

actually received and compensation they would have received had the award been immediately honored by the County. No interest is awarded if the order is paid within 45 days from the filing of this order. The County is also ordered to pay to the Union a reasonable attorney's fee. Costs to plaintiffs of this proceeding are imposed on the County.