463 A.2d 1136

**John NAGLE and Yonish Trucking, Inc.**

v.

**AMERICAN CASUALTY COMPANY, American Mutual Liability Insurance, American States Insurance Company, Bituminous Casualty Corporation, Continental Casualty Corporation, Employers Mutual Liability Insurance Company of Wisconsin, Globe Indemnity Company, Harleysville Mutual Insurance Company, Hartford Accident and Indemnity Company, Lackawanna Casualty Company, Liberty Mutual Insurance Company, Motorists Beneficial Insurance Company, Ohio Casualty Insurance Company, Old Republic Insurance Company, Pennsylvania Manufacturers Association, Pennsylvania National Mutual & Casualty Insurance Co., Rockwood Insurance Company, Royal Globe Insurance Company, Security Insurance Company of Hartford, Travelers Insurance Company, Twin City Fire Insurance Company, United States Fidelity & Guaranty Company, West American Insurance Company, and Westmoreland Casualty Company, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1982.

Filed July 29, 1983.

Petition for Allowance of Appeal Denied Nov. 15, 1983.

---

166

Mark A. Welge, Philadelphia, for appellants.

Leonard Schaeffer, Philadelphia, for appellees.

Before BROSKY, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellees, John Nagle and Yonish Trucking Inc., are Pennsylvania coal-hauling employers required by law to

purchase black lung insurance coverage for their employees. Appellants are insurance companies or funds licensed to underwrite Pennsylvania Workmen's Compensation and Occupational Disease insurance coverage for employers engaged in coal-mining operations. The appellant companies are members of the Coal Mine Compensation Rating Bureau (the Bureau). Beginning in 1973, and for the next five years, the Bureau fixed premium rates for black lung insurance coverage purchased by appellees at an amount equal to the premium rates charged to coal mining operators for the same coverage.

In July of 1976, appellees brought an action in the Commonwealth Court challenging the rates filed by the Bureau. The court dismissed the proceedings and suggested they be brought in the Insurance Department. After an administrative hearing, the Insurance Commissioner withdrew approval of the rates charged by appellants, approved new rates, and ordered the Bureau to refund all excess premiums collected since February 7, 1977. However, the Commissioner refused to order a refund of the excess premiums for the period from 1973 to 1976. Appellees appealed to the Commonwealth Court, which affirmed the order of the Insurance Commissioner. *Nagle v. Com. Ins. Dept. ex rel. Sheppard,* 48 Pa.Cmwlth. 295, 409 A.2d 525 (1980).

A number of other proceedings were filed in the Commonwealth Court by appellees, nearly all of which were abandoned or withdrawn. One proceeding that was disposed of by the Commonwealth Court named as respondents the present appellants, as well as the Insurance Department, the Insurance Commissioner, the State Workmen's Insurance Fund and the State Workmen's Insurance Board. The Commonwealth Court sustained preliminary objections filed by the latter four governmental respondents, holding that the suit against them was barred by the defenses of sovereign immunity and absolute immunity. The case against the remaining respondents was transferred to the Court of Common Pleas of Philadelphia County for further proceedings. *Nagle v. Pa. Ins. Dept.,* 46 Pa.Cmwlth. 621, 406 A.2d

1229 (1979). An appeal from that decision was taken to the Supreme Court of Pennsylvania.

On December 20, 1978, appellees filed the present action in equity in the Court of Common Pleas of Philadelphia County requesting an injunction, an accounting, restitution and reformation of the insurance contracts. They argued that they have been required to pay grossly excessive premiums to appellants; that appellants, in a fraudulent scheme to enrich themselves, submitted inaccurate data to the Insurance Commissioner; and that the contracts are unconscionable.

Appellants filed numerous preliminary objections to the complaint, all of which were dismissed by the trial court. Appellants then filed this appeal, raising five issues.[1] Appellees filed a Motion to Quash the appeal as interlocutory. On March 29, 1982, this court granted the Motion to Quash as to all issues raised by appellants except 1) the failure of appellees to join indispensable parties, and 2) the failure of appellees to exhaust all administrative remedies.

■ Ordinarily, an order dismissing preliminary objections to a complaint is interlocutory and therefore not appealable. *Newkirk v. Phila. School District*, 437 Pa. 114, 261 A.2d 305 (1970). However, under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, repealed, Act of April 28, 1978, P.L. 202, § 2(a) (effective June 27, 1980), whenever a question of subject matter jurisdiction was raised in the trial court, the court's decision could be appealed as a final order. Since the Act of 1925 was still in effect when this appeal was filed, its provisions are controlling.

■ Our scope of review in this case is extremely limited. The sole issue which the appellate court may consider, in an

---

**1.** 1) Did appellees fail to join indispensable parties?
   2) Did appellees fail to first exhaust available statutory and legal remedies?
   3) Do appellees lack standing to sue?
   4) Is this suit barred since appellees raised the same issues before the Commonwealth Court?
   5) Should the action be stayed pending the outcome of a prior action on appeal to the Supreme Court?

appeal under the Act of 1925, is the question of subject matter jurisdiction. *Wechsler v. Newman*, 256 Pa.Super. 81, 389 A.2d 611 (1978).

■ The test to be applied in deciding whether subject matter jurisdiction exists, is whether the court has the power to determine controversies of the *general class* to which the case belongs. *Witney v. Lebanon City*, 369 Pa. 308, 85 A.2d 106 (1952). The controlling question is whether the court has the power to embark upon the inquiry and not whether the relief sought in that particular case may ultimately be granted. *Sperry & Hutchinson Co. v. O'Connor*, 488 Pa. 340, 412 A.2d 539 (1980).

Using that test, we have concluded that the trial court has subject matter jurisdiction over this action. Therefore, the order dismissing appellants' preliminary objections will be affirmed.

Appellants argue that the court lacked jurisdiction for two reasons: 1) appellees failed to join indispensable parties, namely the Insurance Commissioner and related state agencies; and 2) appellees failed to exhaust their administrative remedies. Both arguments are without merit.

■ We agree with the trial court that the Commissioner and state agencies were not indispensable parties. The purpose of this action is to obtain relief from the parties who have actually benefited from the payment of allegedly excessive premiums. The Commissioner and the agencies will not be affected by a verdict for or against appellants. Their presence is not necessary to an adjudication. *See Township of Pleasant v. Erie Ins. Exchange*, 22 Pa. Cmwlth. 307, 348 A.2d 477 (1975).

■ Nor does the fact that appellees may have had an administrative remedy necessarily deprive the court of jurisdiction. The Courts of Common Pleas are deprived of subject matter jurisdiction only if the administrative remedy is *exclusive*. *See Martino v. Trans. Workers Union*, 301 Pa.Super. 161, 447 A.2d 292 (1982).

■ Appellants rely on two statutes as creating an exclusive administrative remedy; the Insurance Company Law, 40 P.S. § 341 et seq., and the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.

With respect to the Unfair Insurance Practices Act, 40 P.S. § 1171.5 defines unfair methods of competition and unfair or deceptive acts or practices which the Act was meant to remedy. The factual situation presented in this case is not listed. Therefore, the Act is not applicable to this case and does not create an exclusive administrative remedy for appellees that would deprive the trial court of subject matter jurisdiction.

The administrative remedies provided in the Insurance Company Law *are* relevant to this case. However, it appears that the administrative remedy mandated by that Act has been pursued and a final order was entered by the Insurance Commissioner on August 10, 1977. As indicated, the Commissioner refused to order a refund for the years 1973–1976. Thus, it appears that the available administrative remedy was pursued by appellees prior to filing this action. To the extent that the appellees seek relief in this case beyond that considered by the Commissioner, the Insurance Company Law does not provide an exhaustive, adequate administrative remedy for such relief. Therefore, we hold that the Court of Common Pleas has subject matter jurisdiction to hear and decide the issues raised by appellees in this case.

■ Since the date of oral argument of this case, the Supreme Court of Pennsylvania filed its decision in the case appealed to it from the decision of the Commonwealth Court referred to on page three of this opinion. *Pechner, Dorfman, etc. v. Pa. Ins. Dept.*, 499 Pa. 139, 452 A.2d 230 (1982). There the Supreme Court held that (1) Appellees' [Nagle & Yonish] claim for *equitable* relief was premature in *that* case because it was filed prior to the Insurance Commissioner's final order of August 10, 1977, granting a refund of overcharges to appellees back to February 7, 1977, and (2) the appellees' *tortious* claims against the Commonwealth

agencies [exclusive of the Insurance Commissioner] were not barred by the statutory provision creating sovereign immunity because the statute could not be applied retroactively. The Supreme Court's decision, however, does not compel a different result in this case.

Since appellees filed their complaint in equity in this case some sixteen months *after* the Insurance Commissioner's final order was entered in the administrative proceedings undertaken pursuant to 40 P.S. § 814, it does not suffer from the defect of prematurity that existed in the earlier action. Additionally, the Supreme Court's holding that appellees' tortious claim against the Commonwealth agencies in that case was not barred by sovereign immunity is not the equivalent of saying that those agencies are indispensable parties in this action.

Order affirmed.