494 A.2d 409

Robert G. WELSCH, Nicholas J. Fortunato, Ronald D. Wheatley, James R. Dumont, Individually and on behalf of all persons in the Commonwealth of Pennsylvania Similarly Situated, Appellants

v.

AETNA INSURANCE COMPANY, Allstate Insurance Company, American States Insurance Companies, Commercial Union Insurance Company, Continental Insurance Companies, CNA Insurance, Erie Insurance Exchange, Firemen's Fund American Insurance Companies, Great American Insurance Companies, the Hartford Accident and Indemnity Company, Insurance Company of North America, Kemper Insurance Companies, Liberty Mutual Insurance Companies, Motorists Insurance Companies, Nationwide Mutual Insurance Company, Ohio Casualty Insurance Company, State Farm Mutual Automobile Insurance Company, St. Paul Fire and Marine Insurance Company, Travelers Insurance Companies, Transamerica Insurance Group, U.S.F. & G. Insurance Companies, U.S. Insurance Group.

Superior Court of Pennsylvania.

Argued Aug. 7, 1984.

Filed May 10, 1985.

Reargument Denied July 9, 1985.

170

Harold Gondelman, Pittsburgh, for appellants.

James J. McCabe, Jr., Philadelphia, for Aetna, appellees.

Anthony Vale, Philadelphia, for Hartford, appellee.

Jeffrey B. Clay, Harrisburg, for Nationwide, appellee.

Before BROSKY, WATKINS and HESTER, JJ.

HESTER, Judge:

On September 27, 1984, the Supreme Court held that gender-based automobile insurance rates were "unfairly discriminatory" within the meaning of the Casualty and Surety Rate Regulation Act (hereinafter "Rate Act").[1] See *Hartford Accident and Indemnity Co. v. Insurance Commissioner of the Commonwealth of Pennsylvania*, 505 Pa. 571, 482 A.2d 542 (1984). In doing so, it affirmed the order of the Insurance Commissioner of Pennsylvania (hereinafter "Commissioner") rescinding his prior approval of gender-based automobile insurance rates.

In the case before us, appellants, a class consisting of male operators under the age of thirty-one years, seek damages as a result of being charged higher premiums pursuant to the gender classification utilized in the determination of rates. The lower court dismissed appellants' complaint, finding that appellants failed to allege state

1. Act of June 11, 1947, P.L. 538, § 3(d), 40 P.S. § 1183(d) (1971).

action, and finding that the Commissioner retained exclusive jurisdiction over remedial claims. This appeal ensued.

For the reasons that follow, we concur in the finding of the lower court that it lacked jurisdiction, but must disagree with the determination that appellants failed to allege state action.

In their complaint, appellants alleged that the imposition by insurance companies of a sex-related criterion in the promulgation of rates is a violation of the Fourteenth Amendment to the United States Constitution and the Equal Rights Amendment (thereafter "E.R.A.") of the Pennsylvania Constitution.[2] Appellees contended in their preliminary objections that the complaint failed to allege state action in support of the claims of discrimination based thereon.

A complaint seeking relief pursuant to the equal protection provision of the Fourteenth Amendment must aver the presence of state action in order to allege a constitutional violation. *Great American Federal Savings & Loan v. Novotny*, 442 U.S. 366, 384, 99 S.Ct. 2345, 2355, 60 L.Ed.2d 957, 971 (1979). The federal constitution ensures the right to equal protection under the law, but only against state action, *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161, 1180 (1948), and not private action.

Appellants asserted in their complaint that they "paid premiums to insurance companies for and on behalf of male drivers whose rates were set by the use of gender discriminatory practices." Appellants further averred that they were compelled to obtain insurance coverage in accordance with the laws of this Commonwealth in order to lawfully operate a vehicle in this jurisdiction.

2. The Fourteenth Amendment states:
"No State shall.... deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitutional Amendment XIV.
The E.R.A. provides:
"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Pennsylvania Constitutional Art. 1, § 28.

Whether such averments are sufficient to constitute allegations of state action was addressed by our Court in *Murphy v. Harleysville Mutual Insurance Company*, 282 Pa.Super. 244, 422 A.2d 1097 (1980). Therein, appellant similarily alleged discrimination in the setting of automobile insurance rates by appellee and all other providers of automobile insurance in the Commonwealth. This Court found that appellant failed to allege state action in support of his claims for discrimination based upon the Fourteenth Amendment equal protection clause.

Although in *Murphy* appellant could not rely upon a ruling by the Commissioner that gender-based rates were in fact discriminatory, the determination that such a claim lacked identifiable state action was separate and apart from the underlying claim. We held that:

the challenged acts were carried out by the private party on its own initiative under the provisions of the Rate Regulatory Act which permits the fixing of rates based upon measured risk of loss, but were not required by the Commonwealth.... The fact that [Harleysville] elected to exercise the choice permitted by statute does not ... transform its election into state action.

*Id.*, 282 Pa.Superior Ct. at 253, 422 A.2d at 1102. Thus, *Murphy* is binding as to appellants' Fourteenth Amendment claim.

In the instant case, the lower court also relied upon *Murphy* when it sustained appellees' preliminary objection that appellants had failed to allege a cause of action for relief under the E.R.A. *Murphy* held that state action was likewise a necessary element in maintaining a cause of action under the Pennsylvania E.R.A., and that the Commonwealth's regulation of insurance rates was similarly insufficient state action to implicate the E.R.A.

However, the Supreme Court reached a different result when it considered this issue in *Hartford*. First, it observed that the application of the "state action" concept to the interpretation of an insurance statute was inappropriate. Rather, it noted that the state action test is limited to

a determination of whether a state's involvement in private activity is sufficient to justify the application of a *federal* constitutional prohibition of state action to that conduct. That Court then held:

> [t]he rationale underlying the "state action" doctrine is irrelevant to the interpretation of the scope of the Pennsylvania Equal Rights Amendment, a state constitutional amendment adopted by the Commonwealth as part of its own organic law. The language of that enactment, not a test used to measure the extent of federal constitutional protections, is controlling.

*Hartford Accident and Indemnity Co. v. Insurance Commissioner, supra* 505 Pa. at 586, 482 A.2d at 549.

The Supreme Court then proceeded to find that all state and local government entities and officials are bound by the prohibition against sex discrimination embodied in the E.R.A. in their formulation, interpretation, and enforcement of regulations, ordinances, and statutory as well as decisional law. Thus, the Court ruled that the Commissioner's disapproval of discriminatory sex-based insurance rates comported with the E.R.A. and was an appropriate exercise of his statutory authority.

In reaching this decision, the Supreme Court neither discussed nor mentioned *Murphy.* However, the above-quoted language is so direct that *Murphy* must now be viewed as no longer followed with respect to its analysis of the E.R.A.

 Consequently, we reverse the lower court in its conclusion that appellants failed to allege state action as to its claim of an E.R.A. violation. Such an averment is no longer necessary in light of the Supreme Court's pronouncement in *Hartford.* Applying the appropriate scope of review when there is a challenge to the sustaining of preliminary objections, that all material facts set forth in the complaint as well as all inferences reasonably deductible therefrom are admitted as true, *Vattimo v. Lower Bucks Hospital, Inc.,* 502 Pa. 241, 465 A.2d 1231 (1983), appel-

lants' averments were sufficient to warrant a denial of appellees' preliminary objections appertaining thereto.

However, for the reasons that follow, we affirm the lower court's conclusion that it lacked jurisdiction to proceed, a fundamental stumbling block to any further action thereon.

The lower court held that the Court of Common Pleas was without jurisdiction to order a remedy for an improper rate. Rather, the jurisdiction over such matters was exclusively within the province of the Commissioner. In reaching that determination, the trial judge concluded that the legislature had vested the authority to provide relief from improper rating classifications with the Commissioner. The court acknowledged that the Rate Act did not specifically empower the Commissioner to order refunds after premiums had been assessed according to a rating plan subsequently disapproved. Nevertheless, relying upon § 13 of the Rate Act, which provides:

> In addition to any power herein before expressly enumerated in this Act, the Commissioner shall have full power and authority, and it shall be his duty to enforce and carry out by regulations, orders, or otherwise, all and singular the provisions of this Act, and the full intent thereof. . . .

40 P.S. § 1193(d), the court construed the Act as vesting the Commissioner with the power to fashion a remedy for insureds aggrieved by unfair rates.

This position is not new to the appellate courts of this Commonwealth. In *Pechner, Dorfman, Etc., v. Pennsylvania Insurance Department,* 499 Pa. 139, 452 A.2d 230 (1982), appellants, who were coal haulers, challenged their rates for black lung insurance in Commonwealth Court. Appellants' action was dismissed with instructions to pursue administrative procedures mandated by the Insurance Company Law of 1921. Following an administrative hearing before the Commissioner, appellants' premiums were re-evaluated and a partial refund was granted. An appeal was filed in which appellants challenged the initial refusal of the Commonwealth Court to entertain their action. The

Supreme Court affirmed the Commonwealth Court's original dismissal of their action, noting that appellants had failed to exhaust their administrative remedies.

In *Pechner*, the administrative remedy prescribed by the Insurance Company Law was couched in language comparable to that of the Rate Act, that is, general language directing aggrieved persons to obtain a review of the challenged rate by the Commissioner. Yet, in that case, the Commissioner did grant appellants' request for relief by ordering a partial refund, and the Supreme Court implicitly recognized his authority to do so. *See also Nagle v. American Casualty Co.*, 317 Pa.Super. 164, 463 A.2d 1136 (1983); *Nagle v. Commonwealth Insurance Department ex rel Sheppard*, 48 Pa.Cmwlth. 295, 409 A.2d 525 (1980).

■ These cases clearly illustrate that appellants must first seek relief from the Commissioner himself, who is empowered not only to disallow unfair, discriminatory rates, but also to grant the relief appropriate to the extent of the specific grievance. Only then will the Court of Common Pleas be free to accept jurisdiction of the matter. *Nagle v. American Casualty Co., supra* 317 Pa.Super. at 170, 463 A.2d at 1139.

For the foregoing reasons, we affirm.