**Linda IMBODEN**

v.

**CHOWNS COMMUNICATIONS**

**No. CIV.A.01–CV–4506.**

United States District Court, E.D. Pennsylvania.

Jan. 8, 2002.

454

Martha Sperling, Silver and Sperling, Doylestown, PA, for Plaintiff.

Ellen K. Pomfret, Exelon Infrastructure Services, Inc., Morton, PA, for Defendant.

## MEMORANDUM AND ORDER

KAUFFMAN, District Judge.

In this action, Plaintiff Linda Imboden alleges that Defendant Chowns Communications discriminated against her on the basis of her sex. The Complaint contains five causes of action: (1) violation of Title VII, 42 U.S.C. § 2000 *et seq.*; (2) violation of the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons.Stat. § 955(a) *et seq.*; (3) negligent and intentional infliction of emotional distress; (4) violation of the Pennsylvania Equal Rights Amendment (PERA), Pa. Cons.Art. I § 28; and (5) violation of the Equal Pay Act (EPA), 29 U.S.C. § 216 *et seq.* Defendant filed an Answer to the first, second, and fifth causes of action. Now before the Court is Defendant's Partial Motion to Dismiss the third and fourth causes of action. For the following reasons, the Motion to Dismiss the negligent and intentional infliction of emotional distress claims will be granted and the Motion to Dismiss the PERA claim will be denied.

### I. Background

On or about February 28, 2000, Defendant hired Plaintiff as a "general laborer and driver." (Compl.¶ 12.) Plaintiff alleg-

es that three of her supervisors discriminated against her on the basis of her sex by denying her "assistance by coworkers when loading heavy equipment and moving supplies" (Compl.¶ 15), instructing her to "perform tasks alone that male employees perform in groups of two or more" (Compl.¶ 16), making discriminatory remarks to her (Compl.¶ 17), denying her work (Compl.¶ 18), laying her off "while men with less seniority were not laid off" (Compl.¶¶ 19, 21), and paying her less than "male employees with the same experience and who perform the same duties that she performed" (Compl.¶ 20). Plaintiff also alleges that she was transferred "[i]n retaliation for complaining about sex discrimination" (Compl.¶ 22) and that she was constructively discharged in March 2001 (Compl.¶ 23).

According to the Complaint, on February 13, 2001, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), which was cross-filed with the Pennsylvania Human Relations Commission (PHRC). (Compl.¶ 4.) The EEOC issued a right-to-sue letter on June 25, 2001. (Compl.Ex. A.) Plaintiff commenced this action by filing the Complaint on September 5, 2001.[1]

### II. Standard for Deciding a Motion to Dismiss

When deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court

---

1. Although Defendant does not raise the issue in the Partial Motion to Dismiss, the Court notes that it is unclear whether Plaintiff has exhausted her administrative remedies with the PHRC so as to maintain a PHRA claim. "The Pennsylvania courts ... have repeatedly held that 'persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act.'" *Woodson v. Scott Paper Co.,* 109 F.3d 913, 925 (3d Cir.1997) (quoting *Vincent v. Fuller Co.,* 532 Pa. 547, 616 A.2d 969, 974

(1992)). One "requirement is that the Commission be given a time period of within one year of filing to act upon a complaint," unless "the individual filing the complaint is notified by the Commission that the Commission has dismissed the complaint or has not entered into a conciliation agreement to which the individual is a party." *Flagg v. Control Data,* 806 F.Supp. 1218 (E.D.Pa.1992) (citing 43 Pa. Cons.Stat. § 962(c)), *aff'd,* 998 F.2d 1002 (3d Cir.1993). The Complaint alleges that "[j]urisdiction is appropriate over the state claims because ... more than one (1) year has elapsed since the filing of the Complaints."

456

may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

## III. *Analysis*

### A. *Negligent Infliction of Emotional Distress Claim*

Defendant argues that Plaintiff's claim for negligent infliction of emotional distress is barred by the Pennsylvania Workers' Compensation Act (PWCA), 77 Pa. Cons.Stat. § 1 *et seq.* (Mem. Supp. Partial Mot. Dismiss at 3–4), and that Plaintiff has failed to allege the necessary elements of such a claim (Mem. Supp. Partial Mot. Dismiss at 7–8).

The PWCA provides that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees ... in any action at law or otherwise on account of any injury or death defined in [77 Pa. Cons. Stat. § 411] or occupational disease as defined in [77 Pa. Cons.Stat. § 27.1]." 77 Pa. Cons.Stat. § 481(a). "Injury," however, "shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment." *Id.* § 411(1).

Thus, the general rule is that "[t]he exclusivity provision of [the PWCA] bars claims for 'intentional and/or negligent infliction of emotional distress [arising] out of [an] employment relationship.'" *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir.1997) (quoting *Dugan v. Bell Tel. of Pa.*, 876 F.Supp. 713, 723 (W.D.Pa.1994)). Although there may be an exception, rooted in the language of § 411, for claims of intentional infliction of emotional distress, *see Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 160 (3d Cir.1999) ("Cases interpreting Pennsylvania law are split on the propriety of allowing IIED claims for sexual harassment on the job."),[2] there is no such exception for negligent infliction of emotional

(Compl.¶ 5.) One year has not elapsed since the February 13, 2001 filing with the PHRC. It is unclear, however, whether the PHRC notified Plaintiff that her complaint was dismissed or that it had not entered into a conciliation agreement to which she was a party. Accordingly, although the Court will not now dismiss Plaintiff's second cause of action, it notes that she will be unable to recover on this claim if she has not complied with the PHRA's jurisdictional requirements.

2. Because, as discussed below, the Court finds that the Complaint fails to allege sufficiently outrageous conduct to support an intentional infliction of emotional distress claim, it does not reach Defendant's argument

the PWCA bars that claim as well. *See Durham*, 166 F.3d at 160 n. 16 ("[W]e suspect that Pennsylvania would find IIED claims based on [workplace sexual] harassment to be preempted. But we cannot be sure, and we express no opinion on whether an IIED claim for harassment more disconnected from the work situation would be preempted ....."); *see also Fugarino v. Univ. Servs.*, 123 F.Supp.2d 838, 844 (E.D.Pa.2000) ("[T]he critical inquiry in determining the applicability of the third-party attack exception is whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was sufficiently unrelated to the work situation so as not to arise out of the employment relationship.").

distress claims. *See, e.g., Danas v. Chapman Ford Sales, Inc.,* 120 F.Supp.2d 478, 488 (E.D.Pa.2000). "Any claim for negligent infliction of emotional distress which arises out of an employment relationship is thus barred by the Act." *Hoover v. Nabisco, Inc.,* No. CIV A 99–1452, 1999 WL 1073622, at *2 (E.D.Pa. Nov. 10, 1999).

■ Accordingly, Plaintiff's claim for negligent infliction of emotional distress is preempted by the PWCA and will be dismissed.[3]

### B. Intentional Infliction of Emotional Distress Claim

Defendant argues that Plaintiff fails to state a claim for intentional infliction of emotional distress because she does not allege sufficiently outrageous conduct. (Mem. Supp. Partial Mot. Dismiss at 4–7.)[4]

■ For a plaintiff to recover on an intentional infliction of emotional distress claim, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir.1988) (quoting *Buczek v. First Nat'l Bank of Mifflintown,* 366 Pa.Super. 551, 531 A.2d 1122, 1125 (1987)). "At the outset, it must be recognized that it is extremely rare to find conduct in the employment context that will give rise to

the level of outrageousness necessary to provide a basis for recovery of the tort of intentional infliction of emotional distress." *Id.; accord Matczak,* 136 F.3d at 940. "Indeed, the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." *Cox,* 861 F.2d at 395.

■ "[A]s a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1487 (3d Cir. 1990). "The extra factor that is generally required is retaliation for turning down sexual propositions." *Id.* "[O]ffensive comments and gestures in the workplace, even though sexually explicit, are not enough to satisfy the *Andrews* extra requirement of sexual propositions." *Wasserman v. Potamkin Toyota, Inc.,* No. CIV. A. 98–0792, 1998 WL 744090, at *3 (E.D.Pa. Oct. 23, 1998). "*Andrews* requires that a Plaintiff allege retaliation based on a rejection of sexual advances or propositions." *Id.* at *4.

■ Plaintiff has not alleged retaliation based on rejection of sexual advances or propositions. Indeed, she does not allege that any such sexual advances or propositions were made to her.[5] The only

3. The Court therefore does not reach Defendant's argument that the Complaint fails to allege the necessary elements of this claim. It notes, however, that while there is some support in Pennsylvania law for a negligent infliction of emotional distress claim in the absence of physical injury, such a claim requires a breach by the defendant of a preexisting duty of care owed to the plaintiff. *See, e.g., Marchese v. Umstead,* 110 F.Supp.2d 361, 368 (E.D.Pa.2000); *Armstrong v. Paoli Mem'l Hosp.,* 430 Pa.Super. 36, 633 A.2d 605, 615 (1993). It is unclear whether such a duty

would exist on the alleged facts, but it seems unlikely. *Cf. Regan v. Township of Lower Merion,* 36 F.Supp.2d 245, 252 (E.D.Pa.1999) ("Terminating a worker's employment, however, does not constitute a breach of duty.").

4. Defendant also argues that this claim is barred by the PWCA (Mem. Supp. Partial Mot. Dismiss at 3–4), but the Court need not reach that argument. *See supra* note 2.

5. Plaintiff cites *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1083 (3d Cir.1996), for

retaliation alleged in the Complaint is "retaliation for complaining about sex discrimination." (Compl.¶ 22.) This, however, is not the type of retaliation required to maintain a claim for intentional infliction of emotional harm. Accordingly, the Complaint fails to state a cause of action for intentional infliction of emotional harm and that claim will be dismissed.

### C. *Pennsylvania Equal Rights Amendment Claim*

Defendant argues that Plaintiff's PERA claim should be dismissed because it is preempted by the PHRA (Mem. Supp. Partial Mot. Dismiss at 9) and because there is no allegation of state action in the Complaint (Mem. Supp. Partial Mot. Dismiss at 9–10).

▆ Initially, the Court notes that the PERA contains no state action requirement. *See Bartholomew v. Foster*, 115 Pa.Cmwlth. 430, 541 A.2d 393, 396 (1988), *aff'd*, 522 Pa. 489, 563 A.2d 1390 (1989); *Welsch v. Aetna Ins. Co.*, 343 Pa.Super. 169, 494 A.2d 409, 412 (1985). Accordingly, Defendant's argument that Plaintiff's PERA fails for this reason is without merit.[6]

▆ "The PHRA preempts parties from bringing common law claims for wrongful discharge based on claims of discrimination." *King v. M.R. Brown, Inc.*, 911 F.Supp. 161, 168 (E.D.Pa.1995) (citing

43 Pa. Cons.Stat. § 962(b)). The PHRA does not, however, address preclusion of claims under the PERA. *See McCormack v. Bennigan's*, Civ. A. No. 93–1603, 1993 WL 293895, at *4–*5 (E.D.Pa. July 30, 1993). Indeed, the PERA was not enacted until 1971, sixteen years after the version of § 962(b) containing the preclusion language was passed. *Cf. McNasby v. Crown Cork & Seal Co.*, 888 F.2d 270, 281 (3d Cir.1989) (holding that the PHRA did not preempt claims under Title VII because, among other reasons, the PHRA "preceded the enactment of Title VII and the explosion of federal antidiscrimination litigation by a number of years.... In light of the chronology, it is impossible to conclude that the Pennsylvania legislature that adopted section 962(b) intended to preclude actions based on federal laws that did not yet exist.").

Thus, while the PHRA preempts common law remedies for discrimination, it does not preempt state constitutional claims pursuant to the PERA. Accordingly, Plaintiff can maintain her PERA claim.[7]

### IV. *Conclusion*

For the foregoing reasons, Defendant's Motion will be granted in part and denied in part. The Court will dismiss Plaintiff's third cause of action, which alleges negligent and intentional infliction of emotional distress. The Court will not, however,

---

the proposition that "it is not necessary that all of the actions which cause the damage be sexual in nature." (Mem. Opp. Partial Mot. Dismiss at 13.) The cited portion of *Aman*, however, concerned an alleged hostile environment in violation of Title VII, not the elements of the tort of intentional infliction of emotional distress. *See Aman*, 85 F.3d at 1081–84.

6. The case upon which Defendant relies, *Harker v. Juniata Coll.*, No. 99–0206, 1989 WL 297959, at *5 (Pa.Ct.Com.Pl. Oct. 17, 1989), is apparently based on an erroneous interpretation of Pennsylvania precedent.

7. The court in *McCormack* reached the same conclusion. *See* 1993 WL 293895, at *4–*5. The only decision to the contrary appears to be *Harker v. Juniata Coll.*, No. 99–0206, 1989 WL 297959, at *4–*5 (Pa.Ct.Com.Pl. Oct. 17, 1989). This case, also discussed *supra* note 6, simply states that the PHRA preempts all other remedies for discrimination. As discussed above, however, the PHRA does not preempt claims brought under Title VII, a subsequently-enacted federal law. *McNasby*, 888 F.2d at 281. Similarly, there is no reason why it should preempt the PERA, a subsequently-enacted state constitutional provision.

dismiss Plaintiff's fourth cause of action, which alleges violation of the PERA.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 8th day of January, 2002, upon consideration of Defendant's Partial Motion to Dismiss (docket no. 4) and Plaintiff's Response thereto (docket no. 6), for the reasons stated in the accompanying Memorandum, **IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion to Dismiss the third cause of action, which alleges negligent and intentional infliction of emotional distress, is **GRANTED** and that cause of action is **DISMISSED.**

2. The Motion to Dismiss the fourth cause of action, which alleges violation of the Pennsylvania Equal Rights Amendment, is **DENIED.**