Collazo v. Mount Airy #1, LLC

450

C.P. of Monroe County, No. 3578 CV 2014

*Stewart I. Rosenblum,* for plaintiff.
*David Solfanelli,* for defendant.

ZULICK, *J.*, Jan. 16, 2015—This case comes before the court on defendant Mount Airy #1, LLC's (Mount Airy) preliminary objections to plaintiff Ruben Collazo's second amended complaint for declaratory judgment. Mr. Collazo alleges in the complaint that Mount Airy Casino personnel improperly excluded him from the casino because he maintained an anti-gambling website; wrongfully caused his arrest for defiant trespass; and unconstitutionally excluded him from the premises due to his "Italian origin," and in violation of his freedom of speech. Finally, he argues that provisions of the Pennsylvania Race Horse

Development and Gaming Act (Gaming Act) authorizing his exclusion are unconstitutional.

Mount Airy filed preliminary objections, asserting that Mr. Collazo's complaint is legally insufficient pursuant to Pa. R. Civ. P. 1028(a)(4); and, alternatively, that Mr. Collazo has failed to include the Pennsylvania Gaming Control Board (Board) as a necessary party to Mr. Collazo's constitutional challenges. Both parties filed briefs, and the matter was argued before the court on October 6, 2014. permitted on the premises of the casino, that he would be arrested for criminal trespass if he did enter the premises, and that he should know better as someone of "Italian origin." Plaintiff's complaint ¶15. Mr. Collazo has since attempted to enter Mount Airy, and has been arrested on two occasions, resulting in two criminal proceedings, one of which resulted in a conviction of defiant trespass before a magisterial district court, which Mr. Collazo has appealed to the court of common pleas. The second criminal proceeding was still pending at the magisterial level.

Mr. Collazo filed a complaint with the board seeking redress for his exclusion from the casino. The board dismissed his complaint.

Section 1514 of the Pennsylvania Gaming Act refers to offenders who may be barred from licensed casinos in Pennsylvania. Section 1514 provides in part

(a) General rule. — The board shall by regulation

provide for the establishment of a list of persons who are to be excluded or ejected from any licensed facility. The provisions shall define the standards for exclusion and shall include standards relating to persons who are career or professional offenders as defined by regulations of the board or whose presence in a licensed facility would, in the opinion of the board, be inimical to the interest of the Commonwealth or of licensed gaming therein, or both.

4 Pa.C.S.A. 1514(a).

Thus, pursuant to Section 1514, the Board may establish an undesirable patron list to be used to exclude such patrons in *all* of Pennsylvania's casinos. However, Mr. Collazo does not allege that the board placed him on the list.

The Gaming Act provides in Section 1515 that individual casinos may eject or exclude persons for other reasons:

§1515. Repeat offenders excludable from licensed gaming facility

A licensed gaming entity may exclude or eject from its licensed facility any person who is known to it to have been convicted of a misdemeanor or felony committed in or on the premises of any licensed facility. Nothing in this section or in any other law of this Commonwealth shall limit the right of a licensed gaming entity to exercise its common law right to exclude or eject

permanently from its licensed facility any person who disrupts the operations of its premises, threatens the security of its premises or its occupants or is disorderly or intoxicated.

The Gaming Act provides in Section 1514 for notice and a hearing whenever an individual is placed on the undesirable patrons list by the board. *Id.* at §1514 (e) and (f). Similar notice and opportunity for hearing is not required in Section 1515 for the exercise of a casino's common law rights to exclude a patron.

Mr. Collazo contends that Mt. Airy may not exclude him because (1) he is not on the board's state-wide undesirable patron list, and (2) he has not been provided procedural due process required by section 1514. However, Section 1514 has no applicability to Collazo's situation. He does not allege that the board excluded him from all Pennsylvania casinos. Therefore, he had no right to a hearing under Section 1514, His complaints relate to actions taken locally by Mt. Airy personnel to exclude him from that casino.

Plaintiff also contends that the casino violated his constitutional right to freedom of speech and due process of law by excluding him from its premises without a hearing. He alleges that he was excluded by Mt. Airy because he owned an internet site, www. Mtairy-poconoscoalitionofpremiumplayers.com which is "an internet faith based gambling addiction forum..." Second amended complaint, ¶8.

454

This claim fails because there is no allegation in the complaint of state action taken to deprive Collazzo's constitutional rights. A complaint seeking relief for a constitutional violation must aver the presence of state action. *Great American Federal Savings & Loan v. Novotny*, 442 U.S. 366, 384, 99 S.Ct. 2345, 2355, 60 L.Ed.2d 957, 971 (1979). The federal constitution ensures the right to equal protection under the law, but only against state action, *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161, 1180 (1948), and not private action. *Welsch v. Aetna Ins. Co.* 343 Pa. Super. 169, 172, 494 A.2d 409, 411 (Pa. Super. 1985). Mr. Collazzo claims that Mt. Airy's trespassing complaint to the police led to his arrest "under color of law." Second amended complaint, ¶39. However, this suit is against Mt. Airy, not the Pennsylvania State Police. There is no allegation that Mt. Airy is a state actor.

Mr. Collazo also raises the claim that Mt. Airy did not have the right to exclude him from the premises under 4 Pa.C.S. §1515. The language of Section 1515 provides in part

> ...Nothing in this section or in any other law of this Commonwealth shall limit the right of a licensed gaming entity to exercise its common law right to exclude or eject permanently from its licensed facility any person who disrupts the operations of its premises, threatens the security of its premises or its occupants, or is disorderly and intoxicated.

4 Pa.C.S.A. § 1515 (emphasis added).

Mr. Collazo argues that he is being excluded solely because of the content of his website, not due to inappropriate conduct at the casino. He contends that Section 1515 limits Mt. Airy's common law rights as a landowner to prevent a defiant trespass. *See* 18 Pa.C.S. §3503(b).[1]

The Pennsylvania Supreme Court reviewed remedies available to an owner for removal of a person from his or her premises after the order to leave has been disregarded

> As owner, the defendant had the right to order plaintiff from the premises, and in case of refusal had the right to remove him by force, if necessary. He pursued the course which was commended by this court in *Sloan v. Schomaker*, 136 Pa. 382, 390, 20 Atl. 525, where it was said that, when the plaintiffs were ordered from defendant's store, 'it was their legal duty to go. In strict law defendant might then have used sufficient force to put them out with his own hands. Instead of doing so, he adopted the prudent and commendable course of sending for an officer.

*Yoder v. Yoder*, 86 A. 523, 534 (Pa.1913).

The plain meaning of Section 1515 does not limit the

---

1. 18 Pa.C.S. Section 3503(b) provides: (b) Defiant trespasser. — (1) A person commits an offense if, knowing that he Is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by (i) actual communication to the actor; 18 Pa.C.S.A. § 3503.

full panoply of Mt. Airy's common law rights to exclude a person from the premises. The statute provides that "...(n)othing in this section or in any other law of this Commonwealth shall limit the right of a licensed gaming entity to exercise its common law right to exclude or eject permanently from its licensed facility any person who... (is disruptive, threatening, disorderly or intoxicated)." 4 Pa.C.S. §1515. The statute makes dear that unruly persons may be evicted. The statute does not say that Mr. Airy is otherwise limited in evicting patrons.

Mr. Collazo additionally asserts that he was denied equal protection and due process because he was excluded from the premises due to his Italian heritage. Again, no state action has been alleged. The Pennsylvania Human Relations Act provides that it is unlawful

(f)or any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any public accommodation, resort or amusement to:

(1) Refuse, withhold from, or deny to any person because of his race, color, sex, religious creed, ancestry, national origin or handicap or disability, or to any person due to use of a guide or support animal because of the blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals, either directly or indirectly, any of the accommodations, advantages, facilities or privileges of such public accommodation, resort or amusement. 43 P.S. § 955.

However, the second amended complaint seeks no relief under this statute, and the facts as pled in the complaint do not support such a claim. The second amended complaint states that Mr. Shiffer "chastised plaintiff in that he should know better as someone of 'Italian origin' than to establish such a website." Second amended complaint ¶ 16. While the comment may have been inappropriate, the statement does not indicate Mr. Collazo was denied access to Mount Airy because of his ethnicity.

Mr. Collazo asserts that Mount Airy should not have excluded him, as he was participating in the goals enumerated in House Resolution 648 Session 2010 concerning problem gambling and gambling addictions. The house resolution and the various sections of the gaming act encourage individual casinos to develop gambling addiction programs, but they do not grant Mr. Collazo the right to be on the premises of the casino simply because he runs an anti-gambling website.

Because Mr. Collazo has failed to state a legally sufficient claim, Mount Airy's second preliminary objection, failure to join a necessary party, is moot.

## ORDER

And now, this 16th day of January, 2015, upon consideration of Mount Airy #1 LLC's preliminary objections and the briefs and arguments of both parties, it is ordered that defendant's preliminary objection in the nature of a demurrer is sustained and the action is dismissed.